IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| WALTER VILLANUEVA, et al., | * |
| Plaintiff, | * |
| v. | * Case No.: 20-cv-556 |
| D&JJ, Inc., et al., | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

On February 28, 2020, Plaintiffs Walter Villanueva, Jose Fidel Moreno, Jose Joaquin Moreno, Ricardo Villalobos, Alcides Alvarenga, Oscar Castro, Emerson Fernando Garcia, Gerson Amaya, Hugo Rodriguez, Juan Antonio Constanza, Norwin Soza, Samuel Edenilson Angulo, and Samuel V. Angul ("Plaintiffs"), on behalf of themselves and similarly situated persons, filed collective suit against Defendants D&JJ Inc. ("D&JJ"), CR Calderon Construction Inc., Costello Construction of Maryland, Inc., and Costello Construction, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; the Maryland Wage and Hour Law ("MWHL"), Md. Code Lab. & Empl. Art. § 3-415, *et seq*.; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Lab. & Empl. Art., § 3-501, *et seq*.; and the Maryland Prevailing Wage Statute ("MPWS"), Md. Code State Fin. & Proc. § 17-219, *et seq*.[1] Compl., ECF

---

[1] Plaintiffs' original complaint included claims raised under the Maryland Workplace Fraud Act, Md. Code Lab. & Empl. Art. § 3-901, *et seq*, for worker misclassification. Because the damages associated with this claim overlap with Defendants' failure to pay an overtime premium, Plaintiffs are not moving separately for judgment on this claim. In the interest of efficiency and expediency Plaintiffs now seek to dismiss claims raised under the Maryland Workplace Fraud Act. Pls.' Mem. re Mot. for Default J., ECF No. 127, n. 1.

No. 1. On November 13, 2020, the Complaint was amended to include additional defendants Ricardo Javier Melendez Guzman and Domingo E. Constanza Rodriguez. *See* Am. Compl., ECF No. 58. Defendants D&JJ and Constanza Rodriguez ("Defendants") did not answer the Complaint or otherwise defend against the suit. Plaintiffs subsequently filed a Motion for Clerk's Entry of Default, ECF No. 41, which was granted, ECF Nos. 71, 121, and a Motion for Default Judgment, ECF No. 126. Neither D&JJ nor Mr. Constanza Rodriguez responded to the Entry of Default or to the Motion for Default Judgment, and the time for doing so has long passed. See Loc. R. 105.2(a) (D. Md. 2021). l have reviewed the filings and find a hearing unnecessary. See Loc. R. 105.6 (D. Md. 2021). For the following reasons, The Plaintiffs' motion shall be GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiffs are construction laborers who performed drywall work for Defendants on the Catonsville Courthouse Project ("the Project") in Maryland at varying times between 2018 and 2019. A majority of the individual Plaintiffs are residents of the state of Maryland. Am. Compl. ¶ 5-19. Defendant D&JJ is a Maryland corporation with its principal place of business in Silver Spring, Maryland, *Id.* ¶ 21, and Defendant Constanza Rodriguez is a co-owner and director of D&JJ, *Id.* ¶ 23. The Courthouse was constructed pursuant to public works project # BC-230-080-001 with the state of Maryland. ECF No. 127-15 ("Project Prevailing Wages"). D&JJ was a third-tier subcontractor, meaning it contracted with another subcontractor to complete construction work on the Project. Am. Compl. ¶ 26.

Plaintiffs allege that, at all times during their work on the Project, they were legally presumed to be employees of Defendants under Maryland law, Lab. & Empl. Art. § 3-903(c). Am. Compl. ¶ 40. Plaintiffs further allege that an employer-employee relationship actually existed

2

because Defendants directly controlled the Plaintiffs' work by assigning tasks, setting hours, and supervising their work. *Id.* ¶ 36. Defendants also retained the power to terminate Plaintiffs' employment. *Id.* ¶ 35. Plaintiffs were never engaged in an independent business, *Id.* ¶ 37, and all work activities performed were within the usual course of the Defendants' business. *Id.* ¶ 38. Accordingly, Plaintiffs allege, Defendants are covered employers under FLSA and MWHL, *Id.* ¶¶ 67, 75, and Plaintiffs are the Defendants' employees under the same, *Id.* ¶¶ 66, 74.

Plaintiffs allege that, during their course of employment with the Defendants, they were each paid an hourly rate ranging from $12 per hour to $20 per hour with no hourly benefit contribution. Pls.' Decls., ECF Nos. 127-1–13. Plaintiffs allege that Defendants failed to pay the Project's higher stipulated minimum wage of $26.21 per hour for drywall laborers plus $12.95 per hour in fringe benefit payments. Am. Compl. ¶ 86. Plaintiffs further allege they each regularly worked in excess of 40 hours in a single work week without ever being paid at the required overtime rate of 1.5 times their hourly rate. *Id.* ¶¶ 70, 78. Plaintiffs thus seek to recover underpaid regular and overtime wages plus statutory damages, reasonable attorney's fees and costs. *Id.* ¶¶ 72, 80, 94.

D&JJ was served on September 22, 2020, and Mr. Constanza Rodriguez was served on January 15, 2020. *See* Executed Summons, ECF Nos. 46 & 92. The Defendants failed to respond to the Complaint, and the Clerk entered an Order of Default as to D&JJ on December 14, 2020, and as to Mr. Constanza Rodriguez on August 5, 2021. *See* Clerk's Entry of Default, ECF Nos. 71 & 121. The Plaintiffs now ask this Court to enter default judgment in their favor totaling $1,564,952.52. Mot. For Default J., ECF No. 126. Plaintiffs specifically seek $521,650.84 in unpaid wages and $1,043,301.68 in statutory damages. *Id.*

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

**DISCUSSION**

**A.    Liability**

Plaintiffs seeks default judgment with respect to claims for undercompensated regular and overtime wages under the FLSA, MWHL, MWPCL, and MPWS. Employers must pay their employees overtime wages of one-and-one-half times the employee's regular hourly wage for every hour worked over 40 hours under the FLSA, MWHL, and MPWS. 29 U.S.C. § 207(a)(1); Md. Code, Lab. & Empl. Art., §§ 3-415(a), 3-420(a); Md. Code, State Fin. & Proc., § 17-214(b)(2). Under the MWPCL, employers must pay employees all wages owed for work performed prior to termination, where "wages" includes overtime payments. MWPCL §§ 3-501(c), 3-505(a). Under the MPWS, contractors and subcontractors to a Maryland public works contract must pay each employee no less than the prevailing wage rate determined by the Commissioner. MPWS § 17-215. Taking the allegations in the well-pleaded Complaint as true, Defendants were Plaintiffs' employers within the meaning of the FLSA, MWHL, and MWPCL. Am. Compl. ¶¶ 67, 75, 83. Further, Defendants were subcontractors on a public works contract subject to MPWS.[2] *Id.* ¶ 91.

An employee bears "the burden of establishing the hours he claims to have worked." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005). However, if the defendant employer does not produce time sheets, the employee may prove hours worked by "'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

---

[2]     The plain language of the MPWS specifies that its provisions apply to subcontractors. § 17-215(a). The Maryland Court of Special Appeals was asked in *Brown v. J & M Sweeping, LLC* to decide whether the act's provisions also apply to third-tier subcontractors (also called sub-subcontractors) but declined to reach this issue, deciding the case on other grounds instead. *Brown v. J & M Sweeping, LLC*, No. 762, Sept. Term, 2017, 2019 WL 1504357, at *9 (Md. Ct. Spec. App. Apr. 5, 2019). Because the prevailing wage statement issued by the Maryland Department of Labor for the Project states the wage rates apply to "the successful bidder and any subcontractor under him," Project Prevailing Wages at 1, I conclude the provisions of the MPWS apply to sub-subcontractors as well.

inference.'" *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 309 (D. Md. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516–17 (2014)). Thus, "'[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked . . . .'" *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *4 (D. Md. Feb. 27, 2012) (quoting *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982)).

Plaintiffs submitted with this Motion individual Declarations stating that they each worked on average around 48 hours per week during their employment with the Defendants. Pls.' Decls. ¶ 6. Plaintiffs declare they were never paid overtime at the rate of one and one-half times their regular rate for any hours in excess of forty worked in a single one-week period. *Id.* ¶ 7. They also contend they were never paid in accordance with the appropriate prevailing wage rate for the Project. *Id.* ¶ 8. *See also* Am. Compl. ¶ 92. Consistent with these Declarations, Plaintiffs have filed as Exhibits to this Motion Excel spreadsheets documenting by week their estimated hours worked, the actual wages paid, and the wages owed. *See* Pls.' Decls.

I conclude that, through their Complaint and Declarations, Plaintiffs have established Defendants' liability for violating the FLSA, MWHL, MWPCL, and MPWS.

### B. Damages

The FLSA, MWPCL, and the MPWS all provide that a prevailing plaintiff may recover unpaid wages, including unpaid overtime, plus an additional amount in damages. 29 U.S.C. § 216(b); MWPCL § 3-507(b)(1); MPWS § 17-224(e). The MPWS also allows a plaintiff to recover unpaid fringe benefit contributions. MPWS § 17-224(e)(2). Under the FLSA, a plaintiff may recover his unpaid wages, plus "an additional equal amount as liquidated damages." 29 U.S.C.

§ 216(b). Under both the MWPCL and the MPWS, he may recover up to three times the amount of his unpaid wages, inclusive of damages. MWPCL § 3-507(b)(1); MPWS § 17-224(e). Because Plaintiffs may not recover twice for the same harm, I assess this claim for statutory damages under the statute that offers the greatest potential recovery. *Mata*, 2015 WL 6674650 at *4.

The MPWS allows a plaintiff to recover double or treble damages only "if the court finds that the employer withheld wages or fringe benefits willfully and knowingly or with deliberate ignorance or reckless disregard of the employer's obligations . . . ." MPWS § 17-224(e)(3). While the amended complaint contains conclusory statements that Defendants willfully and intentionally failed to pay Plaintiffs in accordance with the MPWS, Am. Compl. ¶ 96, it contains no well-pleaded factual allegations to that effect. Plaintiffs therefore have not demonstrated entitlement to enhanced damages under the MPWS and the MWPCL offers a higher recovery.

A plaintiff may recover "an amount not exceeding 3 times the [unpaid] wage[s]" only if the wages were not withheld as the result of a "bona fide dispute." MWPCL § 3-507(b)(1). A "bona fide dispute" is "'a legitimate dispute over the validity of the claim or the amount that is owing [ ]' where the employer has a good faith basis for refusing an employee's claim for unpaid wages." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 627 (Md. 2014) (quoting *Admiral Mortg., Inc. v. Cooper,* 745 A.2d 1026, 1031 (Md. 2000)). The court is "required to make a predicate finding as to whether the wages were withheld pursuant to a bona fide dispute . . . . before proceeding to the question of enhanced damages." *Peters*, 97 A.3d at 626. However, the "burden of production with respect to showing a bona fide dispute" falls on the employer. *Id.* at 627–28. *See also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 796 (D. Md. 2010) (quoting Md. Code, Lab. & Empl. § 3–507.2(b)).[3] Here, because the Defendants failed to produce evidence that

---

[3] The *Monge* Court quotes from § 3–507.2(b) but cited § 3–507.1(b) in the opinion.

7

wages were withheld as a result of a bona fide dispute, I will consider whether to award enhanced damages.

In all, Plaintiffs seek payment for 18,680 underpaid hours of straight-time work, 3,736 hours of underpaid overtime, and 22,416 in unpaid fringe benefit hours. Pls.' Decls. For undercompensated regular time and fringe benefit pay under the MPWS, "the court shall award the affected employee the difference between the wage actually paid and the prevailing wage at the time that the services were rendered." State Fin. & Proc. § 17-224. For undercompensated overtime, "the Court takes the undercompensated hours and multiplies that figure by one-half the employee's base hourly rate, the difference between the mandated overtime rate and the employee's regular rate." *Mata*, 2015 WL 6674650 at *5. The table below confirms that Plaintiffs' calculations of wages owed by Defendants is correct:

| Plaintiff | Regular Hours | Correct Regular Pay | OT Hours | Correct OT Pay | Correct Fringe Pay | Total Correct Pay | Actual Pay Received | Wages Owed |
|---|---|---|---|---|---|---|---|---|
| A. Alvarenga | 2,920 | 76,533.20 | 584 | 22,959.96 | 45,376.80 | 144,869.96 | 70,080.00 | 74,789.96 |
| E. Hernandez | 1,080 | 28,306.80 | 216 | 8,492.04 | 16,783.20 | 53,582.04 | 18,144.00 | 35,438.04 |
| G. Amaya | 880 | 23,064.80 | 176 | 6,919.44 | 13,675.20 | 43,659.44 | 20,064.00 | 23,595.44 |
| H. Rodriguez | 1,480 | 38,790.80 | 296 | 11,637.24 | 22,999.20 | 73,427.24 | 33,744.00 | 39,683.24 |
| J. Moreno | 160 | 4,193.60 | 32 | 1,258.08 | 2,486.40 | 7,938.08 | 2,304.00 | 5,634.08 |
| J.F. Moreno | 2,200 | 57,662.00 | 440 | 17,298.60 | 34,188.00 | 109,148.60 | 47,520.00 | 61,628.60 |
| J. Constanza | 2,240 | 58,710.40 | 448 | 17,613.12 | 34,809.60 | 111,133.12 | 48,384.00 | 62,749.12 |
| N. Soza | 2,160 | 56,613.60 | 432 | 16,984.08 | 33,566.40 | 107,164.08 | 51,840.00 | 55,324.08 |
| O. Castro | 2,040 | 53,468.40 | 408 | 16,040.52 | 31,701.60 | 101,210.52 | 44,064.00 | 57,146.52 |

| R. Villalobos | 1,160 | 30,403.60 | 232 | 9,121.08 | 18,026.40 | 57,551.08 | 25,056.00 | 32,495.08 |
|---|---|---|---|---|---|---|---|---|
| S. Angulo | 880 | 23,064.80 | 176 | 6,919.44 | 13,675.20 | 43,659.44 | 19,008.00 | 24,651.44 |
| S. Hernandez | 880 | 23,064.80 | 176 | 6,919.44 | 13,675.20 | 43,659.44 | 12,672.00 | 30,987.44 |
| W. Villanueva | 600 | 15,726.00 | 120 | 4,717.80 | 9,324.00 | 29,767.80 | 12,240.00 | 17,527.80 |
| TOTAL | 18,680 | 489,602.80 | 3,736 | 146,880.84 | 290,287.20 | 926,770.84 | 405,120.00 | 521,650.84 |

I consider next whether to award Plaintiffs enhanced damages under the MWPCL. The MWPCL authorizes a maximum total award of three times the amount of wages owed. MWPCL § 3-507(b)(1). "[A]n employee is not presumptively entitled to enhanced damages," and the Court "has the discretion to decline any award of enhanced damages, notwithstanding a finding that there was no bona fide dispute." *See Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 630 (Md. 2014) (discussing the trier of fact's discretion). In determining whether to award enhanced damages, the Court may consider "'significant consequences' of being underpaid, such as 'being unable to meet . . . weekly or monthly obligations, ranging from embarrassment, to late charges, to repossessions, [and] eviction.'" *Mata*, 2015 WL 6674650 at *5 (quoting *Admiral Mortg. Inc. v. Cooper*, 745 A.2d 1026, 1034 (Md. 2000)).

Plaintiffs have not provided any evidence of consequential damages a result of the Defendants' violations. This Court has previously found that wages should be doubled, rather than tripled, in default judgment cases where the plaintiffs proffered no evidence of consequential damages. *See Monge*, 751 F. Supp. 2d at 799–800; *Lopez v. Lawns 'R' Us*, No. DKC 07-2979, 2008 WL 2227353, at *4 (D. Md. May 23, 2008). I likewise find it appropriate to double the Plaintiffs' unpaid wages of $521,650.84 rather than triple them. I therefore award Plaintiffs

$521,650.84 in unpaid wages, plus an additional $521,650.84 in enhanced damages under the MWPCL.

### C. Attorney's Fees and Costs

Plaintiffs seek reasonable attorney's fees and other associated costs as part of this action. Am. Compl. at 17. The MWPCL provides that a prevailing plaintiff may be awarded "reasonable counsel fees and other costs" when wages were not withheld as a result of a bona fide dispute. Md. Code, Lab. & Empl. § 3-507.2(b). Because the defendants have put forth no evidence or claim that a bona fide dispute existed, Plaintiffs may be awarded reasonable attorney's fees and costs associated with enforcing this judgment. Pursuant to Fed. R. Civ. P. 54(d)(2)(B), Plaintiffs' counsel is directed to provide supplemental briefing which explains and calculates attorney's fees and associated costs sought by Plaintiffs within 14 days of this Memorandum and Order.

## CONCLUSION

For the reasons identified in the foregoing Memorandum Opinion, Plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART.

## ORDER

For the foregoing reasons, it is, this 19th day of September 2022, ORDERED:

1. Plaintiff's Motion for Default Judgment, ECF No. 126, is GRANTED IN PART and DENIED IN PART.

    a. Plaintiffs' request for enhanced damages in the amount of $1,564,952.52 is DENIED;

    b. Plaintiffs will instead be awarded enhanced damages in the amount of $521,650.84;

    c. The balance of Plaintiffs' Motion is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 58, Judgment by default is hereby ENTERED in favor of Plaintiffs Walter Villanueva, Jose Fidel Moreno, Jose Joaquin Moreno, Ricardo Villalobos, Alcides Alvarenga, Oscar Castro, Emerson Fernando Garcia, Gerson Amaya, Hugo Rodriguez, Juan Antonio Constanza,

      Norwin Soza, Samuel Edenilson Angulo, and Samuel V. Angul and against Defendants D&JJ, Inc., and Domingo E. Constanza Rodriguez, jointly and severally, as follows:

      a. Plaintiffs are awarded $521,650.84 in unpaid wages;

      b. Plaintiffs are awarded $521,650.84 in enhanced damages;

3. Plaintiffs' counsel is ordered to provide, within fourteen (14) days of this Memorandum and Order, a complete explanation and calculation of the reasonable attorney's fees and associated costs that Plaintiffs are seeking.

Date: September 19, 2022                                            /S/
                                                                              Paul W. Grimm
                                                                              United States District Judge